UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | |
| HANG NGOC NHAN *aka* HANK NHAN | : | CASE NO.  16-72082-pmb |
| | : | |
| | : | |
| _____Debtor._____ | : | |
| | : | |
| NEIL C. GORDON, Trustee for the Estate of | : | |
| HANG NGOC NHAN *aka* HANK NHAN | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | ADVERSARY PROCEEDING |
| | : | NO. 18-05227-pmb |
| Wells Fargo Bank, NA | : | |
| | : | |
| _____Defendant._____ | : | |

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

COMES NOW  Defendant, Wells Fargo Bank, N.A., (hereinafter, "Defendant" or "Wells Fargo") to    answer and respond to Plaintiff's Complaint (Adversary Docket No. 1) (the "Complaint"), and would show unto the Court the following, to wit:

## ANSWER TO THE COMPLAINT

Without waiving any defenses elsewhere asserted herein, in response to the allegations of the Complaint, on a paragraph by paragraph basis, Defendant states as follows:

### Jurisdiction and Venue

1. Wells Fargo admits the allegations in Paragraph 1 of the Complaint.

2. Wells Fargo admits the allegations in Paragraph 2 of the Complaint.

3. Wells Fargo admits the allegations in Paragraph 3 of the Complaint.

4. Wells Fargo admits the allegations in Paragraph 4 of the Complaint.

5. Wells Fargo consents to the entry of final judgment by this Court.

6. Wells Fargo admits the allegations in Paragraph 6 of the Complaint.

### Statement of Facts

#### a.  *General Background*

7. Wells Fargo admits the allegations in Paragraph 7 of the Complaint.

8. Wells Fargo admits the allegations in Paragraph 8 of the Complaint.

9. Wells Fargo admits the allegations in Paragraph 9 of the Complaint.

10. Wells Fargo admits the allegations in Paragraph 10 of the Complaint.

11. Wells Fargo lacks knowledge or information sufficient to form a belief or opinion about the truth of the allegations in Paragraph 11 of the Complaint.

#### b. *The Property*

12. Wells Fargo admits the allegations in Paragraph 12 of the Complaint.

#### c. *The Transfers*

13. Wells Fargo lacks knowledge or information sufficient to form a definitive belief or opinion about the truth of the allegations in Paragraph 13. However, based upon Debtor's filed Schedules and what is listed as Debtor's current mailing address on PACER/ECF, Debtor's residence is **2015 Pine Forest Court, Jonesboro, GA 30236**, not the property at **5295 Circle Drive, Lake City, Georgia 30260** which is collateral for Wells Fargo's loan.

14. Wells Fargo admits the allegations in Paragraph 14 of the Complaint.

15. Wells Fargo admits the allegations in Paragraph 15 of the Complaint.

16. Wells Fargo denies the allegations in Paragraph 16 of the Complaint.

17. Wells Fargo denies the allegations in Paragraph 17 of the Complaint. The original Security Deed, which undersigned counsel is in possession of, was signed by Karena Nicholas as an unofficial witness and Vivian Bailey Sanders,("Ms. Sanders") as notary public and Ms. Sanders' signature is accompanied by an embossed notary stamp.

18. Wells Fargo denies the allegations in Paragraph 18 of the Complaint. The original Security Deed, which undersigned counsel is in possession of and has invited the Chapter 7 Trustee, Neil Gordon, to inspect on several occasions, contains Ms. Sanders' signature in the capacity as a notary public and said notary signature is accompanied by an embossed round stamp which clearly reads "*Vivian Bailey Sanders, Notary Public, Rockdale County, GA*." Further,  Ms. Sanders has handwritten  underneath her signature the date of her notary commission expiration as March 14, 2011.

19. Wells Fargo lacks knowledge or information sufficient to form a belief or opinion about the truth of the allegations in Paragraph 19 of the Complaint.

20. Wells Fargo lacks knowledge or information sufficient to form a belief or opinion about the truth of the allegations in Paragraph 20 of the Complaint.

21. Wells Fargo denies the allegations in Paragraph 21 of the Complaint.

## COUNT I

### Claim to Avoid the Transfers Under O.C.G.A. Sections 44-2-14, 44-2-15,

### 44-14-33, and 44-14-61 and 11 U.S.C Section 544(a)(3)

22. Wells Fargo incorporates by reference its responses to Paragraphs 1-21 of the Complaint as if fully set forth herein.

23. Wells Fargo denies the allegations in Paragraph 23 of the Complaint.

24. Wells Fargo denies the allegations in Paragraph 24 of the Complaint.

25. Wells Fargo denies the allegations in Paragraph 25 of the Complaint.

## COUNT II

### Claim for Recovery from Wells Fargo Under 11 U.S.C. Section 550(a)

26. Wells Fargo incorporates by reference its responses to Paragraphs 1-25 of the Complaint as if fully set forth herein.

27. Wells Fargo denies the allegations in Paragraph 27 of the Complaint.

28. Wells Fargo admits the allegations in Paragraph 28 of the Complaint.

29. Wells Fargo denies the allegations in Paragraph 29 of the Complaint.

## COUNT III

### Claim for Preservation of Avoided Transfers

### Under 11 U.S.C. Section 551

30. Wells Fargo incorporates by reference its responses to Paragraphs 1-29 of the Complaint as if fully set forth herein.

31. Wells Fargo admits the allegations in Paragraph 31 of the Complaint insomuch as 11

U.S.C. Section 551 provides that avoided transfers are automatically preserved for the benefit of the bankruptcy estate, but denies that Plaintiff is entitled to avoid any of the transfers at issue in this adversary proceeding.

AND NOW, having fully answered the Complaint on a paragraph by paragraph basis, Defendant affirmatively states as follows:

### FIRST AFFIRMATIVE DEFENSE

32. Any allegation, averment or conclusion contained in the Complaint not heretofore expressly admitted, regardless of paragraph number, or lack thereof, is denied.

### SECOND AFFIRMATIVE DEFENSE

33. Plaintiff has failed to state a claim upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

34. Defendant asserts all rights of credit, setoff, and/or contribution which it has pursuant to the laws of the State of Georgia, or under the United States Bankruptcy Code, 11 U.S.C. Section 101, *et. seq.*

### FOURTH AFFIRMATIVE DEFENSE

35.  Defendant affirmatively pleads and asserts the affirmative defense of estoppel.

### FIFTH AFFIRMATIVE DEFENSE

36. Plaintiff's claims are barred because he is on constructive and/or inquiry notice of the Security Deed (as defined in the Complaint) as the Exhibit A of the Security Deed put all third parties on notice of the Security Deed.

### SIXTH AFFIRMATIVE DEFENSE

37. Plaintiff's claims are barred as he is not a bonafide purchaser for value as to the Security Deed.

## SEVENTH AFFIRMATIVE DEFENSE

38. And now, further answering, Defendant specifically reserves the right to file and present other or further affirmative defenses after further discovery and investigation herein, and Defendant intends to avail itself of all available constitutional, statutory and common law defenses.

WHEREFORE, having fully answered the Complaint filed herein, Defendant respectfully prays that this Court will deny Plaintiff any relief or a judgment against Defendant, and that this Court grant Defendant such other and further relief as this Court deems just and proper.

Respectfully submitted this 4th day of February, 2019.

*/s/Michelle Hart Ippoliti*

Michelle Hart Ippoliti
Georgia Bar No. 334291
Attorney for Defendant
MCCALLA RAYMER, LLC
1544 Old Alabama Road
Roswell, GA 30076
Ph & F (678) 281-6537
michelle.ippoliti@mccalla.com

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | |
| HANG NGOC NHAN *aka* HANK NHAN | : | CASE NO.  16-72082-pmb |
| | : | |
| | : | |
| _____Debtor._____ | : | |
| | : | |
| NEIL C. GORDON, Trustee for the Estate of | : | |
| HANG NGOC NHAN *aka* HANK NHAN | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | ADVERSARY PROCEEDING |
| | : | NO. 18-05227-pmb |
| Wells Fargo Bank, NA | : | |
| | : | |
| _____Defendant._____ | : | |

**CERTIFICATE OF SERVICE**

This is to certify that the undersigned has this date caused to be served a true and correct copy of the foregoing  ANSWER TO COMPLAINT by electronic transmission upon the following at the addresses listed below:

Neil C. Gordon
Arnall Golden Gregory LLP
Suite 2100
171 17th Street, NW
Atlanta, GA 30363
Neil.Gordon@agg.com

Clerk, U.S. Bankruptcy Court          (via US Mail)
Northern District of Georgia
1340 United States Courthouse
75 Ted Turner Drive SW, Atlanta GA 30303

This 4th day of February, 2019.

By:*/s/ Michelle Hart Ippoliti*
Michelle Hart Ippoliti
Ga. Bar No. 334291
McCalla Raymer Leibert Pierce, LLC
1544 Old Alabama Road
Roswell, GA 30076
(678) 281-6537
Michelle.lppoliti@mccalla.com